IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| GEORGE W. PITTS, JR., : | |
| : | |
| Plaintiff, : | |
| : | CIVIL NO. 5:14-CV-43-MTT-CHW |
| VS. : | |
| : | |
| TOM GRAMIAK and WALTER BERRY : | |
| : | PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| Defendants. : | |

**O R D E R**

Plaintiff George Pitts, Jr., presently confined at the Dooly State Prison in Unadilla, Georgia, filed a lawsuit pursuant to 42 U.S.C. § 1983 (Doc. 1), along with a motion to proceed *in forma pauperis* (Doc. 2). Plaintiff's motion to proceed *in forma pauperis* was previously granted.  (Doc. 5.)

In accordance with the Prison Litigation Reform Act, Plaintiff's custodian is hereby directed to remit to the Clerk of this Court each month twenty percent (20%) of the preceding month's income credited to Plaintiff's inmate account until the $350.00 filing fee has been paid in full, provided the amount in the account exceeds $10.00. Transfers from Plaintiff's account shall continue until the entire filing fee has been collected, notwithstanding the earlier dismissal of Plaintiff's lawsuit.

If Plaintiff is hereafter released from custody, he shall remain obligated to pay any remaining balance due of the above filing fee.  Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act.  Collection from Plaintiff of any balance due by any means permitted by law is hereby authorized in the event Plaintiff fails to remit payments.

As explained below, Plaintiff's claims are now subject to preliminary review under 28 U.S.C. § 1915A.

## DISCUSSION

### I. STANDARD OF REVIEW

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his Complaint. *See* 28 U.S.C. § 1915A(a). In so doing, the district court must accept all factual allegations in the Complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Even so, a district court must dismiss a prisoner complaint after the initial review if: (1) it is "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (requiring the same of pleadings filed by parties proceeding *in forma pauperis*).

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint is thus properly dismissed by the district court *sua sponte* if it is found to be "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

When determining whether a complaint fails to state a claim, the Court must accept as true all facts set forth in the Plaintiff's complaint and limit its consideration to

the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) ("The standards governing dismissal under Rule 12(b)(6) apply to § 1915(e)(2)(b)(ii)."). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, a complaint should not be dismissed "simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

To state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming court's dismissal of a § 1983 complaint because the factual allegations were insufficient to support alleged constitutional violation); s*ee also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on

preliminary review).

## II. PLAINTIFF'S CLAIMS

In his complaint, Plaintiff sues Dooly State Prison Warden Tom Gramiak and Deputy Warden of Security Walter Berry. (Compl. 6, Doc. 1.) Plaintiff contends that on July 30, 2013, Defendant Berry revoked his visitation privileges without just cause, thereby violating his First Amendment rights. Plaintiff states that he filed a grievance regarding his visitation rights on September 25, 2013. Plaintiff contends he dropped his grievance on September 27, 2013, after he was promised that his visitation rights would be reinstated on October 19, 2013. Thereafter, on October 19, 2013, Plaintiff's visitation privileges were not reinstated. Plaintiff contends that he filed a second grievance on November 4, 2013, wherein he requested that his visitation be restored and that family members be notified in writing that said privileges had been restored "as they did when they wrongfully revoked Plaintiff's visitation privileges." On November 26, 2013, Plaintiff filed a formal grievance regarding his visitation privileges. On December 20, 2013, Plaintiff states that Defendant Gramiak denied his formal grievance because Plaintiff's visitation privileges had been restored, thus rendering the grievance moot. Plaintiff, however, claims that the portion of his grievance where he requested that his family be notified of any reinstatement was not granted and that he provided notice of this fact to Defendant Gramiak on January, 6, 2014.

Plaintiff seeks a declaration that the acts of the Defendants violated his rights. Plaintiff further seeks a preliminary and permanent injunction directing the Defendants to notify Plaintiff's family members that his visitation rights have been reinstated and encouraging his family to visit "their loved one." Lastly, Plaintiff seeks $500 in punitive

damages from each of the Defendants, as well as his costs, and any other relief this Court deems proper.

### III.  ANALYSIS

Plaintiff's allegations that he was denied visitation privileges fail to state a claim for which relief may be granted.  Visitation privileges are just that, a privilege, not a right.  The Eleventh Circuit has specifically found that prisoners do not have an absolute right to visitation privileges.  *Caraballo-Sandoval v. Honsted*, 35 F.3d 521, 525 (11th Cir. 1994).  Such privileges are "subject to the prison authorities' discretion provided that the visitation policies meet legitimate penological objectives."  *Id.*  Thus, the temporary withdrawal of an inmate's visitation privileges, as a regular means of effecting prison discipline, does not violate a prisoner's constitutional rights  *Overton v. Bazzetta*, 539 U.S. 126, 134-37 (2003).

In *Overton v. Bazzetta*, the United States Supreme Court considered, among other issues, whether a prison policy imposing a two-year ban on visitation for certain inmates was unconstitutional.  *Overton,* 539 U.S. at 134.  In finding that it was not, the Court reasoned that a temporary restriction on visitation "is not a dramatic departure from accepted standards for conditions of confinement."  *Id.* at 137.  Such restrictions also do not "create inhumane prison conditions, deprive inmates of basic necessities, or fail to protect their health or safety."  *Id.*  The Supreme Court did note, however, that the withdrawal of *all* visitation privileges may give rise to a constitutional claim if the sanction is "permanent or for a much longer period or if it were applied in an arbitrary manner to a particular inmate," as such a case "would present different considerations."  *Id.* (emphasis added).  Therefore, a prisoner may possibly state a § 1983 claim if he

alleges that prison official arbitrarily denied him all visitation privileges for a significant or extended period of time. In this case, although Plaintiff alleges that Defendants Warden Gramiak and Deputy Warden Berry revoked his visitation privileges "without just cause," Plaintiff provides no other explanation for the revocation of his visitation privileges. Furthermore, Plaintiff was without visitation privileges for less than five months from July 30, 2013, through December 20, 2013. Thus, no constitutional rights were implicated.

Furthermore, Plaintiff's claims that his family was not notified of the reinstatement of his visitation privileges also wholly fails to allege a constitutional violation. There is no requirement in the law that prison officials inform family members when a prisoner is allowed to receive visitors. Even construing Plaintiff's claims very liberally, it is evident that he has failed to state a valid claim that his constitutional rights have been violated. As such, Plaintiff's claims are due to be **DISMISSED.**

## CONCLUSION

Having conducted a preliminary review of Plaintiff's Complaint as required by 29 U.S.C. § 1915A(a), the Court finds that Plaintiff's Complaint and all claims for damages against the Defendants should be **DISMISSED.** For purposes of the three strikes provision of the Prison Litigation Reform Act (PLRA), the Court determines that its decision in this case is a strike against Plaintiff. *See* 28 U.S.C. § 1915(g) (Counting as strikes any action or appeal in federal court "that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.").

SO ORDERED, this 13th day of May, 2014.

                                           S/ Marc T. Treadwell
                                           MARC T. TREADWELL, JUDGE
                                           UNITED STATES DISTRICT COURT

lws